UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| v. | § | NO. 4:13CR94<br>4:15CV553 |
| SCOTT CAMERON SHERMAN (5) | § | Judge Heartfield |

**EMERGENCY MOTION FOR BOND**

Scott Cameron Sherman ("Sherman"), by and through the undersigned counsel, respectfully moves for an order directing his release on bond, pending resolution of his currently pending Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and direct appeal.[1]

1. On April 11, 2013, Sherman was charged in a three-count indictment in the Eastern District of Texas with conspiracy to commit mail and wire fraud, a violation of 18 U.S.C. § 1349 (Count One); and wire fraud affecting a financial institution, a violation of 18 U.S.C. § 1343 (Counts Two-Three). (Docket Entry 1).

2. On February 11, 2014, Sherman waived his right to indictment, the relevant statute of limitations, and entered a plea of guilty to a one count information charging an 18 U.S.C. § 371 conspiracy related to the mail and wire fraud acts that made up Count One of the original Indictment. (Docket Entry 123-128, 134-35).

3. On November 19, 2014, Sherman was sentenced to 20 months imprisonment, a $7,500 fine, $493,500 in restitution, and one year of supervised release. (Docket Entry 210).

---

[1] While the undersigned counsel seeks Sherman's release based in part on the arguments presented in Sherman's direct appeal, the undersigned is not retained to assist Sherman with his direct appeal.

4. On November 26, 2014, Sherman filed a timely notice of appeal. (Docket Entry 213). Sherman's appeal remains pending before the Fifth Circuit. *United States v. Sherman*, No. 14-41354 (5th Cir.).

5. The Government recently conceded that the original indictment that was returned against Sherman and his co-defendants was "invalid because it was returned by a grand jury whose term had expired." *United States v. Edwards*, No. 13-CR-94, Docket Entry 278. Separately, the Government has entered into a stipulation with Sherman, in his direct appeal, that the indictment against him was returned outside the time limits a grand jury may sit. *See*, Exhibit 1.

6. While Sherman did not ultimately plead guilty to the defective indictment, there is a substantial, non-frivolous question of law regarding whether Sherman's decision to waive his right to indictment and plead guilty to an information charging an offense outside of the limitations period was knowing and voluntary under the circumstances.

7. Bond is appropriate in a § 2255 proceeding when "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, *1 (5th Cir.2001) (designated unpublished) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.1974)). As reflected by the arguments presented in Sherman's § 2255 motion, there is a high probability that the motion will be successful.

8. Bond is also appropriate in accordance with the Bail Reform Act in light of Sherman's pending direct appeal. The Fifth Circuit requires a showing of four things for bond pending appeal:

> (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community;
>
> (2) the appeal is not for the purpose of delay;
>
> (3) the appeal raises a substantial question of law or fact; and
>
> (4) if the substantial question is determined favorably for the defendant on appeal, that decision would likely result in reversal or an order for a new trial on all counts for which imprisonment has been imposed.

*United States v. Valera–Elizondo*, 761 F.2d 1020, 1024 (5th Cir.1985). The Fifth Circuit has explained that an issue presents a substantial question of law or fact if the issue raises a "substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.* In other words, a "substantial question" is a "close question, or one that very well could be decided the other way." *Id.* (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)). Although the absence of controlling precedent is a significant factor for a district court to consider in determining whether a question is "substantial," it is not the only factor. *Id.* Indeed, "there might be no precedent in [the Fifth Circuit], but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." *Id.* (citing *United States v. Miller*, 753 F.2d 19 (3d Cir.1985)). It is not enough, however, that a defendant merely raises a substantial question of law or fact; the substantial question must also be one that would "likely" result in a new trial or a judgment of acquittal if it were to be resolved in the defendant's favor on appeal. Accordingly, the Fifth Circuit has clarified that the correct inquiry is whether, "if error is found, it will so taint the conviction that it is more probable than not

that reversal will be required.” *Id.* With regard to each of the four factors, Sherman offers the following:

a. Sherman was on bond from April 2013 until January 5, 2015, at which time he self reported to the prison camp in Bastrop, Texas. Sherman's PSR reveals that he has no prior criminal history and no incidents of violence. Mr. Sherman has been a model inmate in prison, and has no incidents of violence there. Further, inasmuch as Sherman is housed in a federal prison camp, rated "out custody" the Department of Justice, through its subordinate agency the BOP, has already determined that Sherman poses no danger to the community, because the camp has no perimeter fence, and no cells or locking doors.

b. Sherman has been a resident of Texas since 1992. If released on bond, Sherman would reside with his sister Simone Wilson, in Aledo, Texas, and a signed statement to that effect can be obtained from Ms. Wilson. Sherman has an offer of employment to work with his father, Harry Sherman, as a salesperson in the water recycling business. A letter from Sherman can also be obtained upon request.

c. Both on direct appeal at the Fifth Circuit, No. 14-41354, Appellants Brief filed on July 27, 2015, and in his 2255 Motion, Sherman argues that the court lacked jurisdiction to sentence him because the grand jury indictment against him was void. This Court has already found merit in this claim, granting § 2255 relief to Mr. Donald Lee Mattox, in this very case. Moreover, as the documentary evidence attached to the direct appeal and 2255 demonstrates, the United States has conceded that the grand jury indictment in this case was void, *ab initio*.

d. Finally, as demonstrated by the § 2255 and direct appeal filings, it is clear that Sherman has raised a substantial question of law or fact that would likely result in a new trial (vacatur of Sherman's plea).

Wherefore, Sherman respectfully moves for the entry of an order directing his release on bond pending the outcome of his direct appeal and § 2255 motion.

Respectfully submitted,

s/Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063

Tel: 972-483-4865
E-mail: Jeremy@gordondefense.com

*Attorney for Scott Cameron Sherman*

**CERTIFICATE OF CONFERENCE**

I certify that I previously conferred with AUSA Alan Jackson regarding Sherman's release on bond, and was advised that the United States is opposed.

s/Jeremy Gordon
Jeremy Gordon

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served this 14th day of August, 2015, via CM/ECF on all counsel of record.

s/Jeremy Gordon
Jeremy Gordon