IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT CAMERON SHERMAN #21018-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv553 |
| | § | CRIMINAL ACTION NO. 4:13cr94(5) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Movant Scott Cameron Sherman, with the assistance of counsel, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND AND DISCUSSION**

On November 19, 2014, the court sentenced Movant to 20 months of imprisonment after he pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. He filed a notice of appeal on November 26, 2014. Movant's appeal is still pending.

A federal conviction becomes final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari has been finally denied. *See United States v. Thomas*, 203 F.3d 350, 354 (Fifth Circuit 2000) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 107 S. Ct. 708, 712 n. 6, 93 L. Ed.2d 649 (1987)). Here, the Fifth Circuit has not yet considered and ruled on Movant's appeal. A § 2255 motion is inappropriate if possibility of further direct review remains open. *Thomas*, 203 F.3d at 354.

Consequently, the present § 2255 motion is premature.

## RECOMMENDATION

It is accordingly recommended that the present case be dismissed without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of August, 2015.**

Don D. Bush

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE